

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 27, 1974

The Honorable David Wade, M. D.
    Commissioner
Texas Dept. of Mental Health
    and Mental Retardation
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. H- 245

Re: Mechanics of reim-
bursement for revolving
fund services under § 3f(1),
Title II, of Appropriation
Act for 1974-1975.

Dear Dr. Wade:

Your opinion request concerns § 3f(1) of Title II of the Appropriations Act for fiscal 1974 and 1975 (Acts 1973, 63rd Leg. , ch. 659, p. 1786), a rider authorizing your department to "maintain and operate on a reimbursable basis a Motor Pool, a Central Supply Service, a Central Multilith Service, a Central Laboratory Service, and such other central services as shall contribute to the efficiency and economy of institutions under its control and management. "

Reimbursement of funds is provided for as follows:

> "To reimburse the funds from which expenditures are
> made, the Department may make fund transfers from
> the appropriations of the institutions and agencies which
> receive the services and supplies , or may submit pur-
> chase vouchers through the office of the State Comptroller. "
> (p. 1886)

You advise that:

> "Until recently, the State Comptroller has
> transferred funds, upon the written request of this
> Department, by means of a Comptroller's Journal
> Voucher; however, the Comptroller is now of the

opinion that reimbursement may be effected only by
the use of State Purchase Vouchers that are routed
to his office through the State Board of Control. "

Your questions are as follows:

"1.  Is it required that this Department use
the purchase voucher system in order to obtain
reimbursement for the cost of services and supplies
furnished by its central services facilities to
institutions under the control and management of
this Department.

"2.  If the foregoing question is answered
in the negative, then may reimbursement be
effected by the transfer of funds, using a Comp-
troller's Journal Voucher or other similar docu-
ment of authorization. "

We find no statute requiring that the transactions you describe be handled
only by the use of state purchase vouchers and, presumably, warrants.  In fact,
the above quoted rider to the Appropriations Bill clearly authorizes handling
the transactions by journal voucher as you describe.  This provisions does not
conflict with any general statute and is not unconstitutionally outside of the subject
matter of the Appropriations Act.

Moreover, we believe that Article 4413(32),V. T. C. S. , known as the
"Interagency Cooperation Act, " contemplates the type of journal voucher you
have been   employing as indicated by the following provision in § 6 of that act:

"Payments for interagency transactions shall be
handled in the same manner as interagency transactions
or by interdivisional transfer of funds on the records
of the agency concerned, subject to the applicable
provisions of the biennial appropriations act. "

On the other hand, the Comptroller is designated as the superintendent and
director of the fiscal affairs of the state.  Stuard v. Thompson, 251 S. W.  277 (Tex.

Civ. App., Ft. Worth, 1923, no writ). His duties are set forth in Article 4344, V. T. C. S., and we quote the following sections which bear upon the subject problem:

"Among other duties the Comptroller shall:

". . . .

"3. Superintend the fiscal concerns of the State, as the sole accounting officer thereof, and manage the same in the manner required by law.

"4. Require all accounts presented to him for settlement not otherwise provided for by law to be made on forms prescribed by him, all such accounts to be verified by affidavit as to their correctness, and he may administer the oath himself in any case in which he may deem it necessary.

". . . .

"7. From time to time require all persons receiving money or having the disposition or management of any property of the State, of which an account is kept in his office, to render statements thereof to him.

". . . .

"9. Keep and settle all accounts in which the State is interested, including all moneys received by the State as interest and other payments on land and office fees of his and other departments of the State government, and all other moneys received by the State from whatever source and for whatever purpose."

Article 4355, V. T. C. S., further provides that "[a]ll claims and accounts against the State shall be submitted on forms prescribed by the Comptroller. . . ."

We believe these statutes authorize the Comptroller, if he elects to do so, to prescribe the form and manner of handling your intraagency transactions, regardless of whether such forms are called journal vouchers or purchase vouchers and that the Comptroller's directions in this regard are controlling.

Accordingly, our answer to your first question is that although no statute requires that your department use the purchase voucher system to obtain reimbursement for the cost of services and supplies furnished by your central service facilities, the Comptroller may make such requirement, if he elects to do so, under his general powers and duties. Our answer to your second question is that although the appropriation rider and Article 4413 (32), V. T. C. S., certainly authorize the use of journal vouchers for such transactions, the Comptroller may refuse to approve such forms.

## SUMMARY

The Comptroller of Public Accounts has the authority to prescribe the forms to be used by the Department of Mental Health-Mental Retardation in obtaining reimbursement for costs of services and supplies furnished by its central services facilities.

Yours very truly,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee